STATE OF CONNECTICUT *v.* WILLIAM J. TREPANIER

REVIEW DIVISION OF THE SUPERIOR COURT

Decided January 26, 1965

*William J. Trepanier,* the defendant, pro se.

*John D. LaBelle,* state's attorney, for the state.

BY THE DIVISION. On October 23, 1964, the defendant, aged twenty-eight, pleaded guilty to an information charging him as of September 17, 1964, with having attempted to break and enter the Oasis Restaurant in Farmington in violation of General Statutes § 53-77. This statute provides for a penalty on violation thereof of imprisonment for not more than two years. The defendant was sentenced to state's prison for not less than one year and a day and not more than two years.

This defendant, appearing before us pro se by choice, declared that he believes this sentence, from which he sought relief, was imposed properly. However, his claim now is that because of his unusually long record, and not simply because of his crime as charged, was he so sentenced. Even if this were the case, its propriety could not be questioned. The criminal pattern is a proper subject of consideration in sentencing procedure.

His confession prior to the instant prosecution included not only the attempt to force open the door of the Oasis by the use of a large screwdriver but also a similar attempt to enter Lacey's Drive-in. As a matter of fact, his original presentation in the Circuit Court, from which he was bound over to the Superior Court, included both of these attempts to break and enter and also a count relative to his possession of burglars' tools. Before us, the state's attorney correctly observed that the sentence as imposed provided for the least incarceration possible as a sentence to state's prison.

The previous record of this defendant includes five arrests as a juvenile which terminated on July 30, 1953, with the commitment of this defendant to the Connecticut school for boys, where he remained for fifteen months. The record further recites twelve arrests and at least ten convictions as an adult for offenses which included, among others, several instances each of breaking and entering, larceny, using a motor vehicle without the owner's permission, theft of a motor vehicle, and operating a motor vehicle while his license was suspended, and also a single conviction for lascivious carriage. His crimes as an adult resulted in the imposition of fines and jail and state prison sentences. This defendant has served two previous sentences to state's prison. His record in the armed services is not without some

tarnish, Trepanier having been sentenced twice for theft, which resulted in a bad-conduct discharge.

It is clear to this division that this defendant escaped being charged with multiple offenses in the trial court. The basis of his presentment was a considerate one. His sentence itself was, as he says, properly imposed and, we conclude, a fair one. It is found that the sentence should stand.

BOGDANSKI, MEYERS and PALMER, Js., participated in this decision.